FILED
U.S. DISTRICT COURT

2005 JUN 28 P 4: 10

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

DAVID M. BENNION (5664)
JOHN E. DELANEY (8481)
Parsons Behle & Latimer
Attorneys for Moringa, Inc. d/b/a/ Zija International
One Utah Center
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, UT 84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MORINGA, INC. d/b/a ZIJA INTERNATIONAL, a Utah corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MONARCH HEALTH SCIENCES, INC., a Utah corporation, CALVENN STARRE, an individual, RAVEN STARRE, an individual, MARK EWELL, an individual, and IWN GROUP, a Utah limited liability corporation, JOHN A. ANDERSON, an individual d/b/a citihealth, UTAH HEALTH MAGAZINE LLC, a Utah limited liability corporation, TODD HURLEY, an individual, BRUCE BARBRE, an individual d/b/a GOLDWELL ESTATE TRUST, JOSHUA HOOPES, an individual d/b/a ADVENTURE CAPITAL, MICHAEL LANTZ, an individual, SOUND CONCEPTS, INC., a Utah corporation, MEDIA VISION, L.C., a Utah corporation, and JOHN DOES 1-50, whose true names are unknown, <br><br> Defendants. | **COMPLAINT** <br><br><br> Case No. _____ <br><br> Judge Tena Campbell <br> DECK TYPE: Civil <br> DATE STAMP: 06/28/2005 @ 16:11:16 <br> CASE NUMBER: 2:05CV00538  TC |

Plaintiff Moringa, Inc. d/b/a Zija International, for its claims for relief against defendants for federal trademark infringement, unfair competition, false designation of origin, false representations, and false advertising; federal contributory trademark infringement, unfair competition, false designation of origin, false representations, and false advertising; Utah common law trademark infringement; Utah common law contributory trademark infringement; Utah common law unfair competition; Utah common law contributory unfair competition; Utah common law intentional interference with existing and/or prospective economic relations; and violation of the Utah's Truth In Advertising Act, alleges as follows:

## DESCRIPTION OF THE PARTIES

1. Plaintiff Moringa, Inc. d/b/a Zija International ("Zija") is a Utah corporation with offices located at 382 South 400 West, Lindon, Utah 84042. Zija markets and sells nutritional and dietary supplement products throughout Utah, the United States, and internationally.

2. Upon information and belief, Zija alleges that defendant Monarch Health Sciences, Inc. ("Monarch") is a Utah corporation having business addresses at 1946 Ridgehill Dr., Bountiful, Utah 84010, 500 South Geneva Road, Vineyard, Utah 84058, and 10757 South Riverfront Parkway (720 West), South Jordan, Utah 84095. Monarch markets and sells various nutritional and dietary supplement products throughout Utah, the United States, and internationally.

3. Upon information and belief, Zija alleges that defendant Calvenn Starre ("Mr. Starre") has an address at 55 South 500 West, #C2-639, Salt Lake City, Utah 84101. Upon information and belief, Zija alleges that Mr. Starre markets and sells various nutritional and dietary supplement products throughout Utah, the United States, and internationally.

4.      Upon information and belief, Zija alleges that defendant Raven Starre ("Ms. Starre") has an address at 55 South 500 West, #C2-639, Salt Lake City, Utah 84101.  Upon information and belief, Zija alleges that Ms. Starre markets and sells various nutritional and dietary supplement products throughout Utah, the United States, and internationally.

5.      Upon information and belief, Zija alleges that defendant Mark Ewell ("Mr. Ewell") has an address at 675 North 1340 East, Fruit Heights, Utah 84037.  Upon information and belief, Zija alleges that Mr. Ewell markets and sells various nutritional and dietary supplement products throughout Utah, the United States, and internationally.

6.      Upon information and belief, Zija alleges that defendant IWN Group, LLC, a Utah limited liability corporation ("IWN"), has a business address at 675 North 1340 East, Fruit Heights, Utah 84037.  Upon information and belief, Zija alleges that IWN markets and sells various nutritional and dietary supplement products throughout Utah, the United States, and internationally.

7.      Upon information and belief, Zija alleges that defendant John A. Anderson ("Mr. Anderson") d/b/a citihealth has an address at 358 South River Road, Alpine, Utah 84004.  Upon information and belief, Zija alleges that Mr. Anderson markets and sells various nutritional and dietary supplement products throughout Utah, the United States, and internationally.

8.      Upon information and belief, Zija alleges that defendant Utah Health Magazine LLC, a Utah limited liability corporation  ("Utah Health"), has a business address at 358 South River Road, Alpine, Utah 84004.  Upon information and belief, Zija alleges that Utah Health markets and sells various nutritional and dietary supplement products throughout Utah, the United States, and internationally.

9.    Upon information and belief, Zija alleges that defendant Todd Hurley ("Mr. Hurley") has an address at 1169 North 100 West, Layton, Utah 84041. Upon information and belief, Zija alleges that Mr. Hurley markets and sells various nutritional and dietary supplement products throughout Utah, the United States, and internationally.

10.    Upon information and belief, Zija alleges that defendant Bruce Barbre ("Mr. Barbre") d/b/a Goldwell Estate Trust ("Goldwell") has business addresses at 2250 North University Parkway, #4899, Provo, Utah 84604 and/or 1253 North Research Way, Suite Q-2500, Orem, Utah 84097. Upon information and belief, Zija alleges that Mr. Barbre and/or Goldwell markets and sells various nutritional and dietary supplement products throughout Utah, the United States, and internationally.

11.    Upon information and belief, Zija alleges that defendant Joshua Hoopes ("Mr. Hoopes") d/b/a Adventure Capital ("Adventure") has business addresses at 7682 South 3500 East, Salt Lake City, Utah 84121 and 128 West Center, Mantua, Utah 84324. Upon information and belief, Zija alleges that Mr. Hoopes and/or Adventure markets and sells various nutritional and dietary supplement products throughout Utah, the United States, and internationally.

12.    Upon information and belief, Zija alleges that defendant Michael Lantz ("Mr. Lantz") has an address at 137 West 100 South, American Fork, Utah 84003. Upon information and belief, Zija alleges that Mr. Lantz markets and sells various nutritional and dietary supplement products throughout Utah, the United States, and internationally.

13.    Upon information and belief, Zija alleges that defendant Sound Concepts, Inc., a Utah corporation ("Sound Concepts"), has a business address at 15 East 400 South, Orem, Utah 84058. Sound Concepts distributes and sells to Monarch's distributors collateral materials for

the promotion, marketing, distribution, and sale of nutritional and dietary supplements and, upon information and belief, in providing assistance in the establishment and/or operation of distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements.

14.     Upon information and belief, Zija alleges that defendant Media Vision, L.C., a Utah corporation ("Media Vision"), has a business address at 500 South Geneva Road, Vineyard, Utah 84058.  Upon information and belief, Zija alleges that Media Vision is the publisher of the collateral materials sold by Sound Concepts in the promotion, marketing, distribution, and sale of nutritional and dietary supplements and, upon information and belief, providing assistance in the establishment and/or operation of distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements.

15.     The defendants John Does One through Fifty are additional distributors of defendant Monarch and, as such, persons or entities who have acted in concert with the other named defendants in committing the tortious acts described below.  The true names and capacities, whether individual, corporate, associate, representative, distributor, or otherwise of such defendants, are not currently known to Zija, who consequently sues such defendants by fictitious names, and Zija will seek leave of the Court to amend its Complaint in this matter to state the true names and capacities of such defendants when they have been ascertained.  All defendants named above, including John Does One through Fifty, will hereinafter be referred to collectively as the "Defendants".

## JURISDICTION AND VENUE

16.     This action arises under the Lanham Act, 15 U.S.C. § 1051 et. seq., 15 U.S.C. § 1125(a), and related Utah state law.  This Court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  Venue is predicated on 28 U.S.C. § 1391(b) and (c).  The causes of action that arise under the common law and statutory law of Utah are pendent or ancillary to the causes of action arising under the statutes of the United States.  As to such state causes of action, jurisdiction is conferred by 28 U.S.C. §§ 1338 and 1367.

17.     The Court has personal jurisdiction over Defendants because Defendants conduct business within Utah, and/or are citizens of, or reside within Utah, and many of the unlawful acts committed by them have been and were, in whole or in part, carried out and made effective within Utah; and the interstate trade and commerce described hereinafter is carried out in part within this District.

## NATURE OF THE TRADE AND COMMERCE

18.     Zija promotes, markets, distributes, and sells its Zija™ branded nutritional and dietary supplement beverage throughout Utah, the United States, and internationally.

19.     Zija is the owner of the trademark and service marks DRINK LIFE IN (U.S. App. Ser. No. 76/613,340) and ZIJA DRINK LIFE IN (stylized) (U.S. App. Ser. No. 76/613,334) (the "DRINK LIFE IN Marks").  These applications were filed with the United States Patent and Trademark Office ("USPTO") as intent-to-use based applications on September 27, 2004.

20.     Zija's DRINK LIFE IN Marks are used in promoting, marketing, distributing, and selling "nutritional and dietary supplements", including its Zija™ branded nutritional and dietary supplement beverage, and with "rendering technical assistance in establishment and/or operation

of distributorships and person to person and wholesale and retail merchandising of various goods; including nutritional and dietary supplements."

21.    Zija has continuously used its DRINK LIFE IN Marks in interstate commerce throughout Utah, the United States, and internationally in connection with the above-identified goods and services since as early as December 2004.

22.    Defendants have adopted and are using in interstate commerce the mark DRINK LIFE in connection with the promotion, marketing, distribution, and sale of various nutritional and dietary supplement products, and in connection with providing assistance in the establishment and/or operation of multi-level distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements throughout Utah, the United States, and internationally, which, upon information and belief, Zija alleges is confusingly similar to Zija's DRINK LIFE IN Marks.

23.    Upon information and belief, Zija alleges that Defendants' use in interstate commerce of the DRINK LIFE mark in connection with the promotion, marketing, distribution, and sale of various nutritional and dietary supplement products, and in connection with providing assistance in the establishment and/or operation of multi-level distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements, was after December 2004.

24.    Defendants are using the mark DRINK LIFE specifically for purposes of promoting, marketing, distributing, and selling defendant Monarch's Mona-Vie™ branded nutritional and dietary supplement beverage and gel products, products that directly compete with the Zija™ branded nutritional and dietary supplement beverage.

25.    Upon information and belief, Zija alleges that Defendants are also using the mark DRINK LIFE specifically for purposes of providing assistance in the establishment and/or operation of multi-level distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements in connection with Monarch's Mona-Vie™ branded nutritional and dietary supplement beverage and gel products.

26.    Zija and Monarch are direct competitors in the multi-level (or network) marketing channel in promoting, marketing, distributing, and selling nutritional and dietary supplement products, including beverages, and in providing assistance in the establishment and/or operation of distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements.

27.    The multi-level (or network) marketing channel is a sales channel through which companies like Zija and Monarch promote, market, distribute, and sell their respective goods and services through independent contractors, commonly known as distributors. These distributors promote, market, distribute, and sell the company's goods and/or services and also recruit other distributors, commonly known as downline distributors, to also promote, market, distribute, and sell the company's goods and/or services. Those downline distributors then also promote, market, distribute, and sell the company's goods and/or services and also further recruit more downline distributors. This process of selling and recruiting can continue indefinitely. All distributors earn commissions on the sales of the goods and/or services that they produce individually, and all distributors who have recruited downline distributors that are selling the company's goods and/or services earn commissions on the sales by the downline distributors whom they have recruited.

28.    Defendant Monarch's multi-level distributors, including, but not limited to, defendants Mr. Starre, Ms. Starre, Mark Ewell, IWN, John Anderson, citihealth, Utah Health, Mr. Hurley, Goldwell, Mr. Hoopes, Mr. Lantz, and John Does One through Fifty, are direct competitors of Zija's multi-level distributors in the promotion, marketing, distribution, and sale of nutritional and dietary products, including beverages, and, upon information and belief, in providing assistance in the establishment and/or operation of distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements.

29.    Defendant Sound Concepts distributes and sells to Monarch's distributors, for a fee and, upon information and belief, for a profit, collateral materials for the promotion, marketing, distribution, and sale of nutritional and dietary supplements, including beverages and gels, and, upon information and belief, in providing assistance in the establishment and/or operation of distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements.  These collateral materials prominently use and display the DRINK LIFE mark.

30.    Upon information and belief, Zija alleges that defendant Media Vision is the publisher of the collateral materials sold by Sound Concepts that prominently use and display the DRINK LIFE mark in the promotion, marketing, distribution, and sale of nutritional and dietary supplements, including beverages and gels, and, upon information and belief, providing assistance in the establishment and/or operation of distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements.

31.    Defendants are not licensees of, or in any way affiliated, connected or associated with Zija, and do not have Zija's consent to use its DRINK LIFE IN Marks or anything confusingly similar therewith such as the DRINK LIFE mark.

32.    From as early as August 2004 to the present, Zija has devoted a substantial amount of effort and spent substantial amounts of money advertising and promoting its DRINK LIFE IN Marks.

33.    As a result of Zija's continuous use and promotion of the DRINK LIFE IN Marks, those marks have acquired great value as an identifier of Zija's goods and services and distinguishes Zija's goods and services from those of others in the promotion, marketing, distribution, and sale of nutritional and dietary supplement products, and in providing assistance in the establishment and/or operation of distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements.

34.    The DRINK LIFE mark is virtually identical to Zija's DRINK LIFE IN Marks and, upon information and belief, Zija alleges the DRINK LIFE mark is confusingly similar to Zija's DRINK LIFE IN Marks.

35.    Since at least as early as February 7, 2004, Defendants have had notice of Zija's rights in its DRINK LIFE IN Marks and of Zija's concern regarding the likelihood of confusion, mistake, and/or deception to consumers concerning any goods and/or services bearing the DRINK LIFE mark and Zija's goods and/or services bearing the DRINK LIFE IN Marks.

**IRREPARABLE HARM**

36.    Zija has been damaged by Defendants' acts herein complained of, Defendants have profited thereby and unless their conduct as set forth herein is preliminarily and

permanently enjoined, Zija and its goodwill and reputation symbolized by its DRINK LIFE IN Marks will suffer irreparable injury of an insidious and continuing nature that cannot be adequately compensated in money damages.

37.     Zija has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Zija be fully protected from the immediate and irreparable injury which the Defendants' actions have inflicted and threaten to inflict.

## COUNT I

### (Federal Trademark Infringement, Unfair Competition, False Designation Of Origin, False Representations And False Advertising – All Defendants)

38.     Zija realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 37.

39.     Defendants' use of the DRINK LIFE mark is likely to cause confusion, to cause mistake, and/or to deceive consumers into believing that Defendants' goods and/or services originate with, or are affiliated with Zija, or are approved by Zija, or that Defendants are otherwise associated with Zija.

40.     Defendants' use of the DRINK LIFE mark in their commercial advertising or promotion of Monarch's Mona-Vie™ branded nutritional and dietary supplement beverage and gel products and, upon information and belief, for purposes of providing assistance in the establishment and/or operation of multi-level distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements in connection with Monarch's Mona-Vie™ branded nutritional and dietary supplement beverage and gel products, constitutes a false or misleading description of fact, and/or a false or misleading representation of fact.

41.    By engaging in the activities described above, Defendants have intentionally made and are making false, deceptive and misleading statements constituting false representations and false advertising in connection with goods and/or services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.    Defendants' acts described above have also caused irreparable injury to Zija's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Zija has no adequate remedy at law.

43.    Upon information and belief, Zija alleges that Defendants' acts described above were done willfully and, upon information and belief, with full knowledge of Zija's rights in its DRINK LIFE IN Marks and, as such makes this case an extraordinary case entitling Zija to an award of three times Defendants' profits from the sale of goods and/or services that infringe the DRINK LIFE IN Marks or three times Zija's damages, which ever is greater, together with an award of prejudgment interest and the reasonable attorneys' fees Zija has incurred to pursue this action.

44.    Defendants' acts as alleged herein have caused and will continue to cause Zija monetary damages in an amount not presently capable of determination.

## COUNT II

**(Contributory Federal Trademark Infringement, Unfair Competition, False Designation Of Origin, False Representations And False Advertising – Monarch, Sound Concepts, And Media Vision)**

45.    Zija realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 44.

46.    Defendant Monarch manufactures and supplies its Mona-Vie™ branded nutritional and dietary supplement beverage and gel products and collateral marketing materials in support of those products to its distributors.

47.    In connection with supplying its distributors with its Mona-Vie™ branded nutritional and dietary supplement beverage and gel products and collateral marketing materials, Monarch uses the DRINK LIFE mark.

48.    Monarch's use of the DRINK LIFE mark infringes Zija's rights in its DRINK LIFE IN Marks, and in supplying its Mona-Vie™ branded nutritional and dietary supplement beverage and gel products and collateral marketing materials that use the DRINK LIFE mark, Monarch is actively inducing its distributors to infringe Zija's rights in its DRINK LIFE IN Marks.

49.    Defendant Sound Concepts distributes and sells to Monarch's distributors, for a fee and, upon information and belief, for a profit, collateral materials for the promotion, marketing, distribution, and sale of nutritional and dietary supplements, including beverages and gels, and, upon information and belief, in providing assistance in the establishment and/or operation of distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements.  These collateral materials prominently use and display the DRINK LIFE mark.

50.    Upon information and belief, Zija alleges that defendant Media Vision is the publisher of the collateral materials sold by Sound Concepts that prominently use and display the DRINK LIFE mark in the promotion, marketing, distribution, and sale of nutritional and dietary supplements, including beverages and gels, and, upon information and belief, providing

assistance in the establishment and/or operation of distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements.

51.    Monarch's, Sound Concepts', and Media Vision's use of the DRINK LIFE mark infringes Zija's rights in its DRINK LIFE IN Marks, and in supplying the Mona-Vie™ branded nutritional and dietary supplement beverage and gel products and collateral marketing materials that use the DRINK LIFE mark, Monarch, Sound Concepts, and Media Vision are actively inducing Monarch's distributors to infringe Zija's rights in its DRINK LIFE IN Marks.

52.    Monarch, Sound Concepts, and Media Vision continue to supply to Monarch's distributors the Mona-Vie™ branded nutritional and dietary supplement beverage and gel products and collateral marketing materials in support of that product and use the DRINK LIFE mark knowing, or having reason to know, that those distributors are infringing Zija's rights in its DRINK LIFE IN Marks.

53.    Monarch's, Sound Concepts', and Media Vision's use of the DRINK LIFE mark is contributorily likely to cause confusion, to cause mistake, and/or to deceive consumers into believing that Monarch's goods and/or services originate with, or are affiliated with Zija, or are approved by Zija, or that Monarch, Sound Concepts, and Media Visions are otherwise associated with Zija.

54.    Monarch's, Sound Concepts', and Media Vision's use of the DRINK LIFE mark in the commercial advertising or promotion of the Mona-Vie™ branded nutritional and dietary supplement beverage and gel products and, upon information and belief, for purposes of providing assistance in the establishment and/or operation of multi-level distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements in

connection with its Mona-Vie™ branded nutritional and dietary supplement beverage and gel products, contributorily constitutes a false or misleading description of fact, and/or a false or misleading representation of fact.

55.     By engaging in the activities described above, Monarch, Sound Concepts, and Media Vision are contributing to the intentional making of false, deceptive and misleading statements constituting false representations and false advertising in connection with goods and/or services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     Monarch's, Sound Concepts', and Media Vision's acts described above have also caused irreparable injury to Zija's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Zija has no adequate remedy at law.

57.     Upon information and belief, Zija alleges that Monarch's, Sound Concepts', and Media Vision's acts described above were done willfully and, upon information and belief, with full knowledge of Zija's rights in its DRINK LIFE IN Marks and, as such makes this case an extraordinary case entitling Zija to an award of three times Monarch's, Sound Concepts', and Media Vision's profits from the sale of goods and/or services that infringe the DRINK LIFE IN Marks or three times Zija's damages, whichever is greater, together with an award of prejudgment interest and the reasonable attorneys' fees Zija has incurred to pursue this action.

58.     Monarch's, Sound Concepts', and Media Vision's acts as alleged herein have caused and will continue to cause Zija monetary damages in an amount not presently capable of determination.

## COUNT III

### (Utah Common Law Trademark Infringement – All Defendants)

59.    Zija realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 58.

60.    This Court has pendent and supplemental jurisdiction of this cause of action pursuant to 28 U.S.C. §§ 1338(b) and 1367.

61.    Defendants' acts as alleged herein constitute trademark infringement under the common law of the State of Utah.

62.    In view of the confusing similarity between Zija's DRINK LIFE IN Marks, the DRINK LIFE mark, Defendants' use of the DRINK LIFE mark, and the identical channels of trade and classes of customers to whom Zija and Defendants' goods and/or services are offered, Defendants past and continued use of the DRINK LIFE mark in connection with the promotion, marketing, distribution, and sale of nutritional and dietary supplement products, and in providing assistance in the establishment and/or operation of distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements is likely to cause confusion, mistake and deception among consumers, leading them to wrongly believe that the goods and/or services offered by Defendants are those of, are sponsored, endorsed, licensed or approved by, or are in some way connected with Zija to the irreparable injury of Zija and the consuming public.

63.    Defendants' acts as alleged herein have caused and will continue to cause Zija monetary damages in an amount not presently capable of determination.

64.    Zija has suffered irreparable harm and injury due to Defendants' acts as alleged herein and will continue to suffer irreparable harm and injury unless Defendants are enjoined from their infringing and unlawful activities.

## COUNT IV

**(Utah Common Law Contributory Trademark Infringement – Monarch, Sound Concepts, and Media Vision)**

65.    Zija realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 64.

66.    This Court has pendent and supplemental jurisdiction of this cause of action pursuant to 28 U.S.C. §§ 1338(b) and 1367.

67.    Monarch's, Sound Concepts', and Media Vision's acts as alleged herein constitute contributory trademark infringement under the common law of the State of Utah.

68.    In view of the confusing similarity between Zija's DRINK LIFE IN Marks, the DRINK LIFE mark, Monarch's, Sound Concepts', and Media Vision's use of the DRINK LIFE mark, as set forth in Count II above, and the identical channels of trade and classes of customers to whom Zija and Monarch's goods and/or services are offered, Monarch's, Sound Concepts', and Media Vision's past and continued use of the DRINK LIFE mark in connection with the promotion, marketing, distribution, and sale of nutritional and dietary supplement products, and in providing assistance in the establishment and/or operation of distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements is contributorily likely to cause confusion, mistake and deception among consumers, leading them to wrongly believe that the goods and/or services offered by Monarch and its distributors are

those of, are sponsored, endorsed, licensed or approved by, or are in some way connected with Zija to the irreparable injury of Zija and the consuming public.

69.     Monarch's, Sound Concepts', and Media Vision's acts as alleged herein have caused and will continue to cause Zija monetary damages in an amount not presently capable of determination.

70.     Zija has suffered irreparable harm and injury due to Monarch's, Sound Concepts', and Media Vision's acts as alleged herein and will continue to suffer irreparable harm and injury unless they are enjoined from their contributorily infringing and unlawful activities.

**COUNT V**

**(Utah Common Law Unfair Competition – All Defendants)**

71.     Zija realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 70.

72.     This Court has pendent and supplemental jurisdiction of this cause of action pursuant to 28 U.S.C. §§ 1338(b) and 1367.

73.     Defendants' acts as alleged herein constitute unfair competition in violation of the common law of Utah.

74.     Zija has suffered damage and will continue to suffer damage in the form of lost profits and injury to its goodwill and reputation as a result of Defendants' use of the confusingly similar DRINK LIFE mark.

75.     Defendants' acts as alleged herein have caused and will continue to cause Zija monetary damages in an amount not presently capable of determination.

76.     Zija has suffered irreparable harm and injury due to Defendants' acts as alleged herein and will continue to suffer irreparable harm and injury unless Defendants are enjoined from their unfair and infringing activities.

## COUNT VI

### (Utah Common Law Contributory Unfair Competition – Monarch, Sound Concepts, And Media Vision)

77.     Zija realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 76.

78.     This Court has pendent and supplemental jurisdiction of this cause of action pursuant to 28 U.S.C. §§ 1338(b) and 1367.

79.     Monarch's, Sound Concepts', and Media Vision's acts as alleged herein constitute contributory unfair competition under the common law of the State of Utah.

80.     Zija has suffered damage and will continue to suffer damage in the form of lost profits and injury to its goodwill and reputation as a result of Defendants' use of the confusingly similar DRINK LIFE mark.

81.     Defendants' acts as alleged herein have caused and will continue to cause Zija monetary damages in an amount not presently capable of determination.

82.     Zija has suffered irreparable harm and injury due to Defendants' acts as alleged herein and will continue to suffer irreparable harm and injury unless Defendants are enjoined from their unfair and infringing activities.

## COUNT VII

**(Intentional Interference With Existing and/or Prospective Economic Relations – All Defendants)**

83.     Zija realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 82.

84.     This Court has pendent and supplemental jurisdiction of this cause of action pursuant to 28 U.S.C. §§ 1338(b) and 1367.

85.     Defendants, by their use of the DRINK LIFE mark, are deceiving and confusing the public to believe that their goods and/or services are authorized by, affiliated with, or are associated with Zija and its DRINK LIFE IN Marks.

86.     Defendants' acts in this regard constitute intentional interference with Zija's economic relations through improper means and/or for an improper purpose, including, but not limited to, trademark infringement and unfair competition.

87.     Upon information and belief, Zija alleges that as a direct and proximate result of Defendants' intentional interference with Zija's economic relations, Zija has suffered and will continue to suffer substantial damage and injury, the full extent of which has not yet been determined, and which will be established by proof at time of trial.

88.     Upon information and belief, Zija alleges that as a direct and proximate result of Defendants' intentional interference with Zija's economic relations, Zija has also suffered and will continue to suffer irreparable and incalculable injury to its goodwill, and to the integrity of the DRINK LIFE IN Marks.   Zija's remedies at law cannot adequately compensate for the ongoing injuries threatened by Defendants' continuing conduct.

89.    Upon information and belief, Zija alleges that Defendants' intentional interference with Zija's economic relations is willful and malicious, or otherwise manifested a knowing and reckless indifference toward, and a disregard of, the rights of Zija, and, as a result, Defendants should be required to pay punitive damages in an amount to be determined by the trier-of-fact.

## COUNT VIII

### (Violation Of Utah's Truth In Advertising Act – All Defendants)

90.    Zija realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 89.

91.    This Court has pendent and supplemental jurisdiction of this cause of action pursuant to 28 U.S.C. § 1367.

92.    The activities of Defendants complained of herein constitutes unfair and deceptive trade practices, in violations of Utah Code Ann. § 13-11a-3(1) because, among other things, Defendants' use of the DRINK LIFE mark is likely to cause confusion or a misunderstanding as to the source, sponsorship, or approval of Defendants goods and/or services bearing the DRINK LIFE mark.

93.    Upon information and belief, Zija alleges that Defendants' acts were willfully undertaken in connection with their efforts to unfairly compete against Zija in the promotion, marketing, distribution, and sale of nutritional and dietary supplement products, and in providing assistance in the establishment and/or operation of distributorships, person to person, and wholesale and retail merchandising of nutritional and dietary supplements.

94.    Defendants' acts as alleged herein have caused and will continue to cause Zija monetary damages in an amount not presently capable of determination.

95.     By reason of Defendants' acts as alleged herein, Zija has suffered irreparable harm and unless Defendants are enjoined by this Court pursuant to Utah Code Ann. § 13-11a-4 from committing the acts alleged herein, Zija will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Moringa, Inc. d/b/a Zija International respectfully prays for judgment in its favor and against Defendants as follows:

1.     For a preliminary and permanent injunction, enjoining and restraining Defendants, their agents, servants, representatives, successors, assigns, and others in active concert or participation with them, including any and all distributors, from using the DRINK LIFE mark or any other mark confusingly similar thereto or likely to cause injury to the goodwill associated with Zija and its DRINK LIFE IN Marks, and from otherwise engaging in acts of unfair competition and/or interfering with Zija's economic relations; with such injunction including a provision directing Defendants to file with the Court and serve on Zija within thirty (30) days after the service on Defendants of such injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

2.     For judgment holding that Defendants' activities constitute federal trademark infringement, unfair competition, false designation of origin, false representations, and false advertising under the Lanham Act;

3.     For a judgment holding that Defendants' acts were done willfully, with full knowledge of Zija's rights in the DRINK LIFE IN Marks and declaring this an extraordinary case pursuant to the Lanham Act, thereby entitling Zija to an award of three times Defendants'

profits, or three times the amount of Zija's damages, whichever is greater, together with an award of the reasonable attorneys' fees incurred by Zija in pursuing this action;

     4.     For a judgment holding that Monarch's, Sound Concepts', and Media Vision's activities constitute federal contributory trademark infringement, unfair competition, false designation of origin, false representations, and false advertising;

     5.     For a judgment holding that Monarch's, Sound Concepts', and Media Vision's contributory acts were done willfully, with full knowledge of Zija's rights in the DRINK LIFE IN Marks and declaring this an extraordinary case pursuant to the Lanham Act, thereby entitling Zija to an award of three times Defendants' profits, or three times the amount of Zija's damages, whichever is greater, together with an award of the reasonable attorneys' fees incurred by Zija in pursuing this action;

     6.     For a judgment holding that Defendants' activities constitute common law trademark infringement, common law contributory trademark infringement, common law unfair competition, common law contributory unfair competition, intentional interference with Zija's existing and/or potential economic relations under the laws of the State of Utah, and violate the Utah Truth in Advertising Act;

     7.     For a judgment for an award of damages caused to Zija by Defendants' common law trademark infringement, common law unfair competition, and intentional interference with Zija's economic relations;

     8.     For punitive damages in an amount to be determined at trial;

     9.     For damages, costs and attorneys' fees pursuant to the Utah Truth in Advertising Act;

10.    For prejudgment interest;

11.    For Zija's costs and expenses, including, without limitation, attorneys' fees associated with this action; and

12.    For such other relief as this Court may deem just and proper.

DATED this _28th_ day of June, 2005.

DAVID M. BENNION
JOHN E. DELANEY
PARSONS BEHLE & LATIMER
Attorneys for Moringa, Inc. d/b/a Zija
International

Plaintiff's Address:

Moringa, Inc.
d/b/a Zija International
382 South 400 West
Lindon, Utah 84042

JS 44 (DUT) 2003

**CIVIL COVER SHEET**

**VERSION FOR USE IN U.S. DISTRICT COURT FOR THE DISTRICT OF UTAH**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS.)

FILED
U.S. DISTRICT COURT
2005 JUN 28  P 4: 09
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

**I. (a)  PLAINTIFFS**   Please list and number each plaintiff

1. MORINGA, INC. d/b/a ZIJA INTERNATIONAL, a Utah corporation
2.
3.
4.
5.
6.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: _____Utah_____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEY(s)**   [Firm name, Address, Telephone and Fax Number(s)]

David M. Bennion
John E. Delaney
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT  84111
Telephone:  (801) 532-1234
Facsimile:  (801) 536-6111

**(a)  DEFENDANT**   Please list and number each defendant

1. Monarch Health Sciences, Inc.
2. Calvenn Starre
3. Raven Starre
4. Mark Ewell, an individual, d/b/a IWN Group, LLC
5. John A. Anderson, an individual, d/b/a Utah Health Magazine LLC
6. Todd Hurley
7. Bruce Barbre, an individual, d/b/a GOLDWELL ESTATE TRUST
8. Joshua Hoopes, an individual, d/b/a Adventure Capital
9. Michael Lantz
10. Sound Concepts, Inc.
11. Media Vision, L.C.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____Utah_____

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEY(s)**   [Firm name, Address, Telephone and Fax Number(s)]

Judge Tena Campbell
DECK TYPE: Civil
DATE STAMP: 06/28/2005 @ 16:11:16
CASE NUMBER:  2:05CV00538  TC

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN**                    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify) _____

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

723110.1

**V. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This action arises under the Lanham Act, 15 U.S.C. § 1051 et. seq., 15 U.S.C. § 1125(a), and related Utah state law.

**VI. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

**VIII. NATURE OF SUIT** *(PLACE AN "X" IN ONE BOX ONLY)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/ Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **HABEAS CORPUS:** | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | |
| | | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**IX. STATE COURT REMOVALS:**

**(a)** List any parties which are no longer pending:

**(b)** List any pending motions and date filed. If responses or replies have been filed, indicate the date filed.

MOTION/DATE FILED          RESPONSE/DATE FILED          REPLY/DATE FILED

1.

2.

3.

4.

DATE 7/27/05          SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 (DUT) 2003

723110.1